WALTER CROFT v. STATE.

168 So. 819.
Division B.
Opinion Filed June 8, 1936.

*Dayton, Dayton & Dayton,* for Plaintiff;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error in this case brings for review conviction of plaintiff in error under an information charging the offense of larceny of six steers. The only question presented for our determination is whether or not the evidence is sufficient to sustain the conviction.

After a careful consideration of the record we have reached the conclusion that there is not sufficient legal evidence to sustain a conviction; that at most the evidence can only be sufficient to create a strong suspicion of the guilt. The State relies entirely upon an alleged identification in the court room by one witness. The record showed that that witness, when called upon to identify the man whom he had testified that he saw driving the steers away from the pasture where they had been kept, pointed out a man then in the court room, but not the defendant. Then, when he was asked to put his finger on the man whom he identified as the one he had seen driving the steers, he said he could not identify the man. Later in the day the same witness was brought back into the court room and then he identified the defendant. Such identification, we think, could not be relied upon as the entire basis for the conviction of a man charged with the commission of a felony.

Except for the identification by this witness, there is no evidence of the defendant having at any time been in possession of the steers except at such times when he was in lawful possession thereof in driving them to and from the dipping vat for the owner. There is no evidence whatever as to what ultimately became of the steers. There is no evidence of the defendant having converted the same to his own use or that he ever had any intent to convert the same to his own use.

Motion was made by the defendant in the court below, at the close of the State's testimony, for a directed verdict in

his favor. Under the state of the record when that motion was made it should have been granted.

The judgment should be reversed.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment. ·